UNITED STATES DISTRICT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
INGRID L. MARTIN o.b.o. GLENN MARTIN,

          Plaintiff

  -against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER INGERDONATI,
SHEILD # 7722,

          Defendants
----------------------------------------------------------------x

CV 02 2809

CV GARAUFIS, J

AZRACK

FILED
IN CLERK'S OFFICE
DISTRICT COURT, E.D.N.Y.
MAY - 9 2002
BROOKLYN OFFICE

    Plaintiff by his attorney, **LAWRENCE E. WRIGHT**, complaining of the Defendants, respectfully shows and alleges as follows:

## JURISDICTION

**FIRST**: This action is brought pursuant to 42 U.S.C. § 1983 and § 1988. Jurisdiction is founded upon 28 U.S.C. § 1331 and § 1334. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law.

## PARTIES

**SECOND**: That at all times mentioned herein, the plaintiff, was and still is a resident of Kings County, City and State of New York.

**THIRD**: That at all times hereinafter mentioned, the defendant, CITY OF NEW YORK (hereinafter "CITY"), was and still is a municipal corporation duly organized and existing under the laws of the State of New York.

**FOURTH**: That at all times hereinafter mentioned, the defendant, NEW YORK CITY POLICE DEPARTMENT (hereinafter "NYPD"), was and still is a municipal department or



agency of the City of New York authorized to enforce the laws of the City and State of New York.

**FIFTH:** That 42 U.S.C. § 1983 provides that every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected any citizen of the", United states or other person within the jurisdiction thereof the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**SIXTH:** Upon information and belief, at all times relevant to this complaint, the individual Defendant, NEW YORK CITY POLICE OFFICER INGERDONATI, Shield # 7722 of the 84th precinct (hereinafter "P.O. Ingerdonati"), was and still is a New York City police officer employed by the defendant, "NYPD".

**SEVENTH:** That upon information and belief and at all times hereinafter mentioned, the individual defendant was acting within the course of his/her employment and/or official policy practice, custom or usage of the defendants, "City" and "NYPD", and under color of state law, that is, under color of the Constitution, statutes, laws, ordinances, rules, regulations customs and usages of the United States, and of the City and State of New York.

**EIGHTH:** That the Plaintiff sues the Individual defendant "P.O. Ingerdonati" in his/her individual and official capacities.

**NINTH:** That Notice of Intention to Sue, as required by Section § 50 (e) of the General Municipal Law of the State of New York, was served by the Plaintiff upon the Defendant, CITY

OF NEW YORK, on or about April 23, 2001 that at least thirty (30) days have elapsed since the demand or claim upon which this action is predicated was presented to the CITY OF NEW YORK for adjustment and that it has neglected and/or refused to make adjustment or payment thereof; and that this action is commenced within one hundred and ninety (90) days after the cause of action accrued.

## STATEMENT OF FACTS

**TENTH:** That on or about February 16, 2001 the plaintiff was lawfully in premises known or designated as 510 Fulton Street (commercial premises also known as the "Brooklyn Bargain Bazaar"), in the County of Kings City and State of New York.

**ELEVENTH:** That while the plaintiff was lawfully within the "Brooklyn Bargain Bazaar" a one (1) level commercial establishment with several individual stores/booths contained within the larger area. Plaintiff was accosted by a group of young men wearing what can best be described as "gang colors" who demanded that plaintiff "turn over his money". The plaintiff attempted to flee and evade the gang members with momentary success, but plaintiff was eventually surrounded by the gang and one of the members (who gave his name as Devon Holmes) slashed at plaintiff with a razor or box cutter. Plaintiff was able to evade the attempt, turned the attack against the would be assailant and by fled through the Brooklyn Bazaar crying out for help.

**TWELFTH:** Plaintiff was given a safe haven by three (3) workers/security guards who witnessed the above- mentioned events. Upon the arrival of defendant P.O. Ingerdonati and other members of the NYPD the security guards advised them that the plaintiff was not the aggressor and was in fact the victim, and that the other young man and his friends had caused trouble in the store on prior occasions.

**THIRTEENTH**: That on or about February 16, 2001 while the plaintiff was lawfully within the aforementioned premises, the individual defendant, P.O. INGERDONATI, ignored the information provided by the eyewitnesses and without consent, permission, authority nor probable cause, unlawfully, physically seized, searched, detained, imprisoned, handcuffed, frisked and arrested the Plaintiff's body and person. That no illegal item(s) or contraband was found on the Plaintiff's body or person

**FOURTEENTH**: That on or about February 16, 2001, the individual defendant, P.O. INGERDONATI, caused the plaintiff to be searched, rear handcuffed, transported in a police van, arrested and detained at the 84th Precinct under the laws of the City and State of New York and to remain within the confines of the 84th Precinct handcuffed to a bench in the lobby of said 84th Pct.

**FIFTEENTH**: That no criminal charges were filed against the plaintiff, and he was released from the custody of the defendants.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS

**SIXTEENTH**: Plaintiff repeats and re-alleges the allegations contained in paragraphs **"FIRST"** through **"FIFTEENTH"** of the complaint with the same force and effect as if fully set forth herein.

**SEVENTEENTH**: That upon information and belief, the defendant's illegal and unlawful search, arrest, detainment, and imprisonment of the plaintiff's body/person, was illegal, unreasonable, reckless, without a warrant nor probable cause, and was a violation and deprivation of the Constitutional rights of the plaintiff as secured by the Fourth and Fourteenth Amendments of the Constitution of the United States, 42 U.S.C. S 1983 and 42 U.S.C. § 1988.

**EIGHTEENTH:** That as a proximate result of the aforesaid acts and omissions by the Defendants, the plaintiff has suffered general and pecuniary damages

**NINETEENTH:** That the acts of the individual defendant as described herein were intentional, wanton, malicious, oppressive, negligent, grossly negligent and/or reckless, thus entitling plaintiff to an additional award of punitive damages against the said Individual Defendants in their individual capacities.

**TWENTIETH:** That the Defendants are liable to the plaintiff pursuant to 42 U.S.C. § 1983 and § 1988.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS

**TWENTY-FIRST:** That the plaintiff repeats and re-alleges the allegations contained in paragraphs **"FIRST** through **"TWENTIETH"** of the complaint with the same force and effect as if fully set forth herein.

**TWENTY-SECOND:** That the individual defendant, acting in his or her individual capacities and under color of law, having conspired with others, reached a mutual understanding and intentionally acted to undertake a course of conduct that violated plaintiff's civil rights, in violation and deprivation of the Constitutional rights of the Plaintiff as secured by the Fourth and Fourteenth Amendments of the Constitution of the United States, 42 U.S.C. §1983 and 42 U.S.C. § 1988.

**TWENTY-THIRD**: That as a proximate result of the aforesaid acts and omissions by the Defendants, the plaintiff has suffered general and pecuniary damages.

**TWENTY-FOURTH**: That the acts of the Individual defendant as described herein were intentional, wanton, malicious, oppressive, negligent, grossly negligent and/or reckless, thus entitling plaintiff to an additional award of punitive damages against the said Individual defendant in his individual capacities.

**TWENTY-FIFTH**: That the Defendants are liable to the plaintiff pursuant to 42 U.S.C. § 1983 and § 1988.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS

**TWENTY-SIXTH**: That the plaintiff repeats and re-alleges the allegations contained in paragraphs "**FIRST**" through "**TWENTY-FIFTH**" of the complaint with the same force and effect as if fully set forth herein.

**TWENTY-SEVENTH**: That the aforesaid actions of the individual defendant constitute false arrest and/or imprisonment of the plaintiff in violation of the Constitution and laws of the City and State of New York.

**TWENTY-EIGHTH**: That as a proximate result of the aforesaid acts and omissions by the Defendants, the plaintiff has suffered general, pecuniary and compensatory damages.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS

**TWENTY-NINTH**: That the plaintiff repeats and re-alleges the allegations contained in paragraphs "**FIRST**" through "**TWENTY- EIGHTH**" of the complaint with the same force and effect as if fully set forth herein.

**THIRTIETH**: That the aforesaid actions of the individual defendants constitute assault of the plaintiff in violation of the Constitution, laws *of* the City, State of New York.

**THIRTY-FIRST**: That as a proximate result *of* the aforesaid acts and omissions by the Defendants, the plaintiff has suffered general and pecuniary damages.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS
(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

**THIRTY-SECOND**:   That the plaintiff repeats and re-alleges the allegations contained in paragraphs "**FIRST**" through "**THIRTY-ONE**" of the complaint with the same force and effect as if fully set forth herein.

**THIRTY-THIRD**: That the aforesaid actions of the individual Defendants constitute intentional infliction of emotional distress on the plaintiff under the laws of the City and State of New York.

**THIRTY-FOURTH**: That as a proximate result of the aforesaid acts and omissions by the Defendants, the plaintiff has suffered both general and pecuniary damages and severe emotional distress.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS

**THIRTY-FIFTH**: That the plaintiff repeats and re-alleges the allegations contained in paragraph "**FIRST**" through "**THIRTY-FOURTH**" *of* the complaint with the same force and effect as if fully set forth herein.

**THIRTY-SIXTH**: That the individual defendant was negligent, careless, reckless, and/or grossly negligent in the performance of his or her police duties in, searching, arresting, and improperly restraining the plaintiff's liberty.

**THIRTY-SEVENTH**:   That as a proximate result of the aforesaid acts and omissions by the defendants, the plaintiff has suffered both general and pecuniary damages.

**THIRTY-EIGHTH**: That the defendant is liable to the plaintiff under the laws of the City and State of New York.

## AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST THE CITY OF NEW YORK

**THIRTY-NINTH**:   That the plaintiff repeats and re-alleges the allegations contained in paragraphs "**FIRST**" through "**THIRTY-EIGHT**" of the complaint with the same force and effect as if fully set forth herein.

**FORTIETH**:   That as the employer of the individual, defendant at the times of his or her negligent conduct as set forth herein, the defendant, "CITY" is liable to the plaintiff under the laws of the State of New York.

**FORTY-FIRST**: That as a proximate result of the aforesaid acts and omissions by the Defendants, the plaintiff has suffered general and pecuniary damages.

## AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST THE CITY OF NEW YORK

(NEGLIGENT SUPERVISION)

**FORTY-SECOND**: That the plaintiff repeats and re-alleges the allegations contained in paragraphs "**FIRST**" through "**FOURTY-FIRST**" of the complaint with the same force and effect as if fully set forth herein.

**FORTY-THIRD**: That the Defendant, "CITY" was negligent in the hiring, supervision, training, and instruction of the individual Defendant.

**FORTY-FOURTH**: That as a direct and proximate result of the deliberate indifference, carelessness, and or recklessness of the defendant, "NYPD", with regard to the proper training and supervision of its police officers/employees, the plaintiff has been deprived of his rights under the Fourth and Fourteenth Amendments of the United States Constitution, Sections § 1983 and § 1988 of Title 42 of the United States Code, and under the laws of the City, and State of New York.

**FORTY-FIFTH**: That as a proximate result of the aforesaid acts and omissions by the Defendants, the plaintiff has suffered both general and pecuniary damages.

**FORTY-SIXTH**: A jury trial of all issues is demanded.

**WHEREFORE**, Plaintiff requests judgment against defendants, "P.O. INGERDONATI", and "NYPD" and defendant, "CITY", as follows:

1. As against the individual defendant, "P.O. Ingerdonati" General and Compensatory damages in the sum of **ONE MILLION DOLLARS** ($1,000,000.00) ;

2. As against the individual defendant, "NYPD" punitive damages in the sum of **ONE MILLION DOLLARS** ($1,000,000.00) and;

3. As against defendant," CITY", General and Compensatory damages in the sum of **ONE MILLION DOLLARS, ($1,000,000.00)** on the causes of action asserted against it, and;

4. Reasonable attorney's fees, pursuant to 42 U.S.C.A § 1988, and the costs of this action and; such other and further relief as may be just and proper

Dated: April 3, 2002
Brooklyn, NY

LAWRENCE E. WRIGHT
Attorney for Plaintiff
32 Court Street, suite 707
Brooklyn, NY 11201
(718) 643-6161

## VERIFICATION

State of New York}
County of Kings   }ss. :

INGRID L. MARTIN, being duly sworn deposes and says that deponent is the natural mother and legal guardian of the plaintiff GLENN L. MARTIN, in the within action; that deponent has read the foregoing Complaint and knows the contents thereof; that the same is true to my own knowledge, except as to those matters alleged to be upon information and belief and as to those matters I believe them to be true, the source of said information being conversations with my son the plaintiff and independent investigation.

_____
INGRID L. MARTIN

Sworn to before me this the
30th, April 2002

_____

LAWRENCE E. WRIGHT
Notary Public, State of New York
No. 24-4927668
Qualified in Kings County
Commission Expires March 28, 20 04